UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNESA JOYNER,<br><br>        Petitioner,<br>v.<br><br>RON KENAN, Warden, and BILL LOCKYER, Attorney General of the State of California,<br><br>        Respondents. | Case No. 05cv2364-WQH (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b) and Local Civil Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

On December 28, 2005, Petitioner Arnesa Joyner, a state prisoner appearing *pro se*, commenced these habeas corpus proceedings pursuant to 28 U.S.C. § 2254. Doc. No. 1. Petitioner challenges her sentence to a two-year prison term on count 1 of her conviction. Id.

This Court has considered the Petition, Respondents'[1] Answer, and

---

[1] The instant petition names both Ron Kenan and Bill Lockyer as respondents. Petition at 1. Rule 2 of the Rules Governing § 2254 Cases provides that in cases in which the Petitioner is not in custody, the petition must name as respondents the state

all supporting documents submitted by the parties. For the reasons set forth below, this Court **RECOMMENDS** that Petitioner's Petition for Writ of Habeas Corpus be **DENIED**.

### BACKGROUND

**A. Petitioner's Conviction**

On April 17, 2003, the District Attorney of San Diego County filed a two-count criminal complaint charging Petitioner with possession of a controlled substance (cocaine base) in violation of California Health and Safety Code § 11350(a) ("count one") and possession of paraphernalia used for narcotics in violation of California Health and Safety Code § 11364 ("count two"). Lodgment 1 at 1-2. The criminal complaint further alleged that Petitioner had two prison priors. Id. at 2-3.

On April 25, 2003, Petitioner pled guilty to count one and admitted the two prison priors. Lodgment 1 at 36; Lodgment 2 at 1. Pursuant to the plea agreement, the State dismissed count two. Id. The court sentenced Petitioner to three years of formal probation, admitted her to the Proposition 36 treatment program, suspended imposition of the sentence for three years, and imposed fines which were stayed pending successful completion of the treatment program. Lodgment 1 at 35; Lodgment 2 at 1; Lodgment 3 at 4.

///

---

officer having custody of a habeas petitioner as well as the attorney general. Rule 2(b), 28 U.S.C. foll. § 2254. Because Petitioner currently is on parole, Petitioner correctly named the warden of the last facility where she was housed, Ron Kenan (spelled Kernan by Respondent), and the California Attorney General, Bill Lockyer. However, the Deputy Attorney General only answered on behalf of the warden. See Answer at 1. Because the arguments asserted by the parties and the analysis employed by this Court are equally applicable to Respondent Lockyer, this Court **RECOMMENDS** that the Petition be denied as to both respondents for the reasons set forth in this Report and Recommendation.

1       The trial court held four hearings between July of 2003 and
2  February of 2004 to address Petitioner's multiple probation violations.
3  See Lodgment 1 at 37-43; Lodgment 3 at 51-52, 101-03, 202-03.  On
4  January 23, 2004, Petitioner admitted violating her probation by failing
5  on at least two separate occasions to enter the residential drug
6  treatment program as directed, failing to enter the CRASH residential
7  program, using cocaine and alcohol, and failing to report to her
8  probation officer as directed.  Lodgment 3 at 202.
9       During the sentencing hearing on February 13, 2004, the court
10 stated that it had reviewed numerous documents pertaining to
11 Petitioner's treatment status and recent parole violations, including
12 the probation officer's February 10, 2004 probation report.  Lodgment
13 3 at 251-52, 258.  The probation report listed the following
14 circumstances in mitigation: (1) Petitioner was suffering from a mental
15 or physical condition that significantly reduced her culpability for the
16 crime, demonstrated by admitted alcohol and cocaine consumption, though
17 this condition was voluntarily imposed, (2) Petitioner acknowledged
18 wrongdoing at an early stage of the criminal process, though she did
19 receive sentencing consideration in return, and (3) Petitioner was found
20 in possession of only a small amount of cocaine base.  Lodgment 1 at 26-
21 27.  The probation report further detailed the following circumstances
22 in aggravation: (1) Petitioner had engaged in violent conduct, which
23 indicated a serious danger to society, (2) Petitioner had numerous prior
24 convictions, (3) Petitioner was on parole at the time of the crime, and
25 (4) Petitioner's prior performance on probation and parole had been
26 "dismal" and she continued a pattern of criminal behavior.  Id. at 27.
27 After considering these circumstances in mitigation and aggravation and
28 arguments by counsel and Petitioner, the court found the middle term

appropriate and sentenced Petitioner to four years in state prison, consisting of the middle term of two years for count one with additional consecutive one-year terms for each of the prison priors. Lodgment 1 at 30, 45; Lodgment 3 at 258-59.

**B.  Direct Appeal**

Petitioner appealed to the California Court of Appeal, Fourth Appellate District, Division One. Lodgment 4. In her only claim for relief, Petitioner argued that her sentence to the middle term of two years on count one violated the holding in Blakely v. Washington, 542 U.S. 296 (2004). Lodgments 4, 6. By order dated April 14, 2005, the California Court of Appeal rejected this claim and affirmed Petitioner's conviction. Lodgment 7.

On May 13, 2005, Petitioner filed a petition for review in the California Supreme Court asserting the same claim for relief she had raised in the California Court of Appeal. Lodgment 8. On June 22, 2005, the California Supreme Court summarily denied the petition without comment or citation of authority. Lodgment 9.

**C.  Collateral Review**

Petitioner has not sought collateral review of her conviction in the state courts.

On December 28, 2005, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. No. 1. Respondent filed an Answer on March 16, 2006. Doc. No. 7. Petitioner did not file a traverse and the Court took the matter under submission.

**D.  Current Status**

According to California Department of Corrections and Rehabilitations records, Petitioner was released on parole on January

29, 2006.[2]

**STANDARD OF REVIEW**

Title 28 of the United States Code, section 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

The Petition was filed after enactment of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. Under 28 U.S.C. § 2254(d), as amended by AEDPA:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Summary denials do constitute adjudications on the merits. See Luna v. Cambra, 306 F.3d 954, 960 (9th Cir. 2002). Where there is no reasoned decision from the state's highest court, the Court

---

[2] Because Petitioner remains subject to parole restrictions, she still is considered "in custody" for purposes of 28 U.S.C. § 2254(a) and, therefore, is entitled to seek habeas relief in this Court. See Jones v. Cunningham, 371 U.S. 236, 242-43 (1963) (holding that parolees are still "in custody" because they are subject to conditions that significantly confine and restrain their freedom).

"looks through" to the underlying appellate court decision. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 801-06 (1991).

A state court's decision is "contrary to" clearly established federal law if the state court: (1) "arrives at a conclusion opposite to that reached" by the Supreme Court on a question of law; or (2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court's]." <u>Williams v. Taylor</u>, 529 U.S. 362, 405 (2000).

A state court's decision is an "unreasonable application" of clearly established federal law where the state court "identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75-76 (2003). "[A] federal habeas court may not issue a writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly . . . . Rather, that application must be *objectively unreasonable*." <u>Andrade</u>, 538 U.S. at 75-76 (emphasis added) (internal quotation marks and citations omitted). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the United States Supreme] Court's decisions." <u>Williams</u>, 529 U.S. at 412.

Finally, habeas relief is also available if the state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court." 28 U.S.C. § 2254(d)(2). A state court's decision will not be overturned on factual grounds unless this Court finds that the state court's factual determinations were objectively unreasonable in light of the evidence presented in the state court

proceeding. See Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). This Court will presume that the state court's factual findings are correct, and Petitioner may overcome that presumption only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## DISCUSSION

Petitioner asserts only one claim of error in her Petition. Specifically, Petitioner contends that her sentence to the middle term of two years on count one must be vacated because Blakely v. Washington, 542 U.S. 296 (2004), requires imposition of the low term where the defendant has presented evidence in mitigation. Petition at 6. Petitioner acknowledges that the middle term is the presumptively correct term under Blakely if the defendant has presented no mitigating evidence and the prosecution has presented no facts in aggravation. Id. However, she interprets Blakely as requiring a jury determination of the facts once any evidence of mitigating or aggravating circumstances is presented. Id. On this basis, Petitioner contends that the California Court of Appeal erred by finding that the middle term did not trigger Blakely's jury determination requirement in her case. Id. Petitioner argues that the low term was the only sentence the trial court could lawfully impose under Blakely in her case, given the absence of jury findings. Id.

Respondent counters that, because Petitioner's sentence to the presumptive middle term of two years did not exceed the statutory maximum of three years permitted by her guilty plea, the Court of Appeal's rejection of Petitioner's claim was not contrary to, or an unreasonable application of, Blakely. Answer at 3.

The California Supreme Court summarily denied Petitioner's petition for review on direct appeal, so this Court must look through to the last

reasoned state court decision. See *Ylst*, 501 U.S. at 801-06. Here, the last reasoned state court decision came from the California Court of Appeal. Lodgment 7. That court rejected Petitioner's *Blakely* argument, stating:

> This court is split on the issue of whether *Blakely* applies to a sentencing court's selection of the upper term, and the issue is currently pending before the California Supreme Court. As we shall explain, even assuming arguendo that *Blakely* applies to an aggravated *upper* term sentence, there is no doubt that it is inapplicable to a case where the court selects the *middle* term. (citations omitted).
>
> *Blakely* applies the rule of *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490, which provides: "'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" The *Blakely* court defined the "'statutory maximum'" as "the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant." However, *Blakely* recognizes that not *all* fact finding by a sentencing court is prohibited—i.e., a judge may impose a sentence derived from facts not found by the jury or admitted by the defendant as long as the sentence does not exceed the sentence to which the defendant has a legal right under the state's statutory scheme for the particular offense.

Lodgment 7 at 2-3. Applying this analysis to Petitioner's case, the court rejected Petitioner's argument that a jury determination is required any time mitigating or aggravating evidence is presented, and that absent a jury determination, the court must impose the lower sentencing term. Id. at 4. The court explained "[w]hen a court selects the middle term, it is imposing the sentence selected by the legislature as applicable to the particular offense based on the jury verdict alone. Thus, the middle term does *not* trigger *Blakely*'s jury determination requirement because the middle term is not a "penalty for a crime beyond the prescribed statutory maximum. . . .'" Id. (citation omitted).

In California, most offenses are governed by a determinate sentencing scheme, which specifies by statute three terms of

imprisonment for each offense.[3]  See People v. Black, 35 Cal. 4th 1238, 1247 (2005).  Pursuant to California Penal Code § 1170(b), a sentencing judge "shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime."  Cal. Penal Code § 1170(b).  Judges retain discretion to identify aggravating and mitigating factors, but "may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law."  Black, 35 Cal. 4th at 1247; Cal. Penal Code § 1170.  Under the applicable rules, "[s]election of the upper term is justified only if, after a consideration of all the relevant facts, the circumstances in aggravation outweigh the circumstances in mitigation" and "[s]election of the lower term is justified only if, considering the same facts, the circumstances in mitigation outweigh the circumstances in aggravation."  Cal. Rules of Court, Rule 4.420(b).  Either way, the court is required to "state the reasons for its sentence choice on the record at the time of sentencing."  Cal. Penal Code § 1170(c).

On June 20, 2005, after the California Court of Appeal ruled on Petitioner's appeal, the Supreme Court of California resolved the split of authority as to whether Blakely applies to a sentencing court's selection of the upper term.  See People v. Black, 35 Cal. 4th 1238 (2005).  In Black, the court analyzed California's determinate sentencing scheme in light of Apprendi, Blakely, and Booker.  The California Supreme Court explained that California's sentencing scheme

---

[3] The United States Supreme Court will decide this term in Cunningham v. California, __ U.S. __, 2006 WL 386377 (2006) whether California's sentencing scheme violates Blakely and United States v. Booker, 543 U.S. 220, 235 (2005) (holding that mandatory federal sentencing guidelines violated the Sixth Amendment because, just as in Blakely, the judge increased the sentence beyond the guideline range dictated by the jury findings as a result of the judge's own fact-finding).

does not implicate the concerns raised in Blakely and Booker. Id. at 1255-56. Unlike in Blakely, where the court was concerned that Washington's sentencing scheme allowed judges discretion to impose a sentence greater than the standard range with no warning to the defendant (i.e. "a defendant, with no warning in either his indictment or plea, would routinely see his maximum potential sentence balloon from as little as five years to as much as life imprisonment...") (Blakely, 542 U.S. at 311), defendants sentenced in California have knowledge of the range of possible sentences and "cannot reasonably expect a guarantee that the upper term will not be imposed." Black, 35 Cal. 4th at 1258. By providing for an upper term as part of California's determinate sentencing scheme, the legislature also intentionally preserved the traditional power of the jury — unlike in the federal sentencing scheme, found unconstitutional in Booker, where Congress essentially "shift[ed] the proof of particular facts from elements of a crime (to be proved to a jury) to sentencing factors (to be decided by a judge)." Id. at 1256. In other words, California preserved judicial discretion *within*, as opposed to *above*, the range authorized by the jury. See id. Thus, the California Supreme Court found that "[t]he level of discretion available to a California judge in selecting which of the three available terms to impose appears comparable to the level of discretion that the high court has chosen to permit federal judges in post-*Booker* sentencing." Id. at 1261. The court concluded that under California's determinate sentencing scheme, "the upper term is the 'statutory maximum' for purposes of Sixth Amendment analysis" and, therefore, "the upper term is the 'maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict.*'" Id. at 1258 (quoting Blakely, 542 U.S. at 303). Accordingly, under the

California Supreme Court's interpretation, a California judge does not violate <u>Blakely</u> by imposing any of the three sentence terms based on the judge's, as opposed to a jury's, proper findings regarding facts in mitigation or aggravation. <u>See</u> <u>id.</u> at 1257-58.

In Petitioner's case, the Court of Appeal's interpretation of the applicability of <u>Blakely</u> to a sentence imposed under California's determinate sentencing scheme was consistent with the California Supreme Court's subsequent reasoning in <u>Black</u>. The appellate court began by implying that it did not interpret <u>Blakely</u> as applying to sentences falling within the three-tiered range of possible sentences because the upper term would be the "statutory maximum" under <u>Apprendi</u>. <u>See</u> Lodgment 7 at 2 ("even assuming **arguendo** that *Blakely* applies to an aggravated *upper* term sentence...") (emphasis added). The appellate court then reasoned that, even if <u>Blakely</u> did apply to the upper term, the middle term would still be the statutory maximum and, thus, Petitioner's sentence to the middle term would not violate <u>Blakely</u>:

> The panels of this court that have found *Blakely* applicable to the selection of the upper term have done so premised on a conclusion that the middle term is the term to which the defendant has a legal right and the upper term cannot be based on matters derived solely from the jury verdict or guilty plea (i.e. from the elements of the offense).
>
> Under this view, if *Blakely* applies to a court's selection of the upper term, it is because *the middle term is defined as the statutory maximum*. When a court selects the middle term, it is imposing the sentence selected by the legislature as applicable to the particular offense based on the jury verdict alone. Thus, the middle term does *not* trigger *Blakely*'s jury determination requirement because the middle term is not a "penalty for a crime beyond the prescribed statutory maximum...." (*Blakely, supra*, 542 U.S. at p. ___ [125 S.Ct. at p. 2536].)

<u>Id.</u> at 3-4. As the Supreme Court confirmed in <u>Blakely</u>, its precedent makes clear that the "statutory maximum" for <u>Apprendi</u> purposes is "the

maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." Blakely, 542 U.S. at 303. Here, Petitioner pled guilty to possession of cocaine base, for which the middle term sentence of two years *shall* be imposed, *unless* there are circumstances in mitigation or aggravation. See Cal. Penal Code § 1170(b); Cal. Rules of Court, Rule 4.420(a). In light of the applicable Supreme Court precedent, the appellate court reasonably concluded that, at the very least, the middle term was the "statutory maximum" because it is the sentence the court is *required* to impose if no other facts or circumstances beyond those admitted in the guilty plea are present. In other words, the appellate court's conclusion that Petitioner's sentence not only did not violate Blakely, but that Blakely is in fact inapplicable to Petitioner's sentence, is not objectively unreasonable. See Andrade, 538 U.S. at 75-76 (district court may not issue writ of habeas corpus unless state court applied clearly established federal law in an objectively unreasonable manner).

Furthermore, as the Court of Appeal points out:

> [Petitioner] has presented no argument warranting a conclusion that the *lower* term is the statutorily-defined maximum for the offense. Instead, she broadly argues that whenever the trial court weighs aggravating or mitigating circumstances, it is engaged in fact finding proscribed by *Blakely*. This argument ignores the analysis in *Blakely* that allows fact finding by a sentencing court if the sentence does not exceed the maximum sentence authorized by the legislature for the offense based on the jury verdict alone.

Lodgment 7 at 4. In her habeas petition before this Court, Petitioner argues that:

> What the court of appeal opinion ignores is that the middle term is only presumptively correct after *Blakely* if the parties have not sought to prove factors in aggravation or mitigation ... once either party presents such evidence, the determination is a factual question that must be resolved by a jury ... [which] means that the only lawful sentence that can be imposed by a trial court is the low term.

Petition at 6.  This is simply an incorrect reading of <u>Blakely</u>. Petitioner's argument, taken to its logical conclusion, would eliminate all judicial fact-finding and mandate the lower sentencing term whenever *any* mitigating evidence is presented unless the evidence is presented to a jury.  This conclusion contradicts <u>Blakely</u>'s approval of judicial fact-finding within the statutory range.  Thus, Petitioner's argument lacks merit as well as precedential support.

Therefore, the Court finds that the California Court of Appeal's decision upholding Petitioner's middle term sentence was not an objectively unreasonable application of clearly established federal law. <u>See</u> 28 U.S.C. § 2254(c)(1); <u>Andrade</u>, 538 U.S. at 75-76.

## CONCLUSION AND RECOMMENDATION

In sum, this Court finds that Petitioner has failed to present any evidence suggesting that the California Court of Appeal's decision as to her claim was contrary to, or an unreasonable application of, clearly established federal law.  <u>See</u> 28 U.S.C. § 2254(d).  Nor has Petitioner made any argument that further factual development is necessary, such that an evidentiary hearing would be warranted.  <u>See</u> 28 U.S.C. § 2254(e)(2) (exceptions where an evidentiary hearing may be appropriate). As such, this Court **RECOMMENDS** that Petitioner's Petition for Writ of Habeas Corpus be **DENIED** and the case dismissed with prejudice.

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered denying the Petition.

///

///

///

1 **IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties **no later than December 15, 2006**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties **no later than January 12, 2007**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

DATED: November 15, 2006

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE

ALL COUNSEL