# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNESA JOYNER,<br><br>　　　　　　　　　　　Petitioner,<br>　　vs.<br>RON KENAN, WARDEN, AND BILL LOCKYER, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>　　　　　　　　　　　Respondents. | CASE NO. 05CV2364 WQH (BLM)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

HAYES, Judge:

　　The matter before the Court is the review of the Report and Recommendation of Magistrate Judge Barbara L. Major, filed on November 15, 2006, recommending that Petitioner's Petition for Writ of Habeas Corpus be denied and that the case be dismissed with prejudice. (Doc. #10).

## BACKGROUND

　　On December 28, 2005, Petitioner Arnesa Joyner (Petitioner), a state prisoner proceeding pro se, filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. # 1). Petitioner contends that her sentence pursuant to California's determinate sentencing scheme for possession of a controlled substance (cocaine base) was unconstitutional, and contrary to *Blakely v. Washington*, 542 U.S. 296 (2004). Lodgments 4, 6. Respondents contend that the petition should be denied because Petitioner has failed to show that adjudication of this claim by the state court on the merits was contrary to, or an unreasonable application of *Blakely*. Answer at 2.

1    On April 15, 2003, police contacted Petitioner and found her in possession of .27 grams of
2 cocaine base. Lodgment 1 at 19. On April 17, 2004, the District Attorney of San Diego filed a
3 criminal complaint against Petitioner, and charged her with possession of a controlled substance in
4 violation of California Health and Safety Code § 11350(a) ("count one") and possession of
5 paraphernalia used for narcotics in violation of California Health and Safety Code § 11364 ("count
6 two"). Lodgment 1 at 1-2. On April 25, 2003, Petitioner pled guilty to count one and admitted
7 two prison priors. Lodgment 1 at 1-3, 36; Lodgment 2 at 1. The prosecution dismissed count two
8 pursuant to Petitioner's plea agreement, and the case proceeded to sentencing. Lodgment 2 at 1;
9 Lodgment 3 at 1-2.

10    California has a determinate sentencing scheme where most offenses are punishable by one
11 of three possible terms of imprisonment: a lower term, a middle term, and an upper term.
12 *Cunningham v. California*, 127 S. Ct. 856, 861 (2007). At the time of Petitioner's sentencing in
13 early 2004, a sentencing judge in the California Superior Court could deviate from the
14 presumptively correct middle term by considering facts in aggravation or mitigation proven by a
15 preponderance of the evidence. *See People v. Black*, 35 Cal. 4th 1238, 1247 (2005), *overruled by*
16 *Cunningham v. California*, 127 S. Ct. 856 (2007); *see also* Cal. Penal Code § 1170. Thus, at
17 Petitioner's sentencing hearing on February 13, 2004, the trial court stated that it considered
18 several documents pertaining to Petitioner's treatment status and parole violations, including the
19 probation officer's February 10, 2004 probation report which listed several circumstances both in
20 mitigation and aggravation. Lodgment 3 at 251-52, 258. After considering the circumstances in
21 mitigation and aggravation, and after hearing arguments by counsel and Petitioner, the court
22 sentenced Petitioner to four years in state prison. The sentence consisted of the middle term of
23 two years for count one with additional one-year terms for each of the prison priors. Lodgment 1
24 at 30, 45; Lodgment 3 at 258-59.

25    Petitioner appealed to the California Court of Appeal, Fourth Appellate District, Division
26 One. Lodgment 4. On appeal, Petitioner argued that her sentence to the middle term of two years
27 on count one was unconstitutional, and contrary to *Blakely*. Lodgments 4, 6. Specifically,
28 Petitioner argued that once she presented mitigating evidence at sentencing, *Blakely* set the lower

1 term sentence as the statutory maximum sentence. Petition at 6. On April 14, 2005, the California
2 Court of Appeal rejected Petitioner's claim and affirmed Petitioner's conviction. Lodgment 7.

3       On May 13, 2005, Petitioner filed a petition for review in the California Supreme Court,
4 arguing the same claim for relief that she had argued in the California Court of Appeal. Lodgment
5 8. On June 22, 2005, the California Supreme Court denied the Petition for review without
6 comment or citation to authority. Lodgment 9.

7       On December 21, 2005, Petitioner filed the instant Petition for Writ of Habeas Corpus,
8 raising the same *Blakely* claim that she raised in the California Court of Appeal and in the
9 California Supreme Court. (Doc. # 1). Respondent answered on March 16, 2006. (Doc. # 7). On
10 November, 15, 2006, Magistrate Judge Barbara L. Major filed a Report and Recommendation
11 recommending that Petitioner's Petition for Writ of Habeas Corpus be denied and the case be
12 dismissed with prejudice. (Doc. # 10). The parties did not file objections to the Report and
13 Recommendation.

## STANDARD OF REVIEW

15       The duties of the District Court in connection with a Magistrate Judge's Report and
16 Recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C.
17 § 636(b)(1). The District Court "shall make a de novo determination of those portions of the
18 report to which objection is made," and "may accept, reject, or modify, in whole or in part, the
19 findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c).

20       When no objections are filed, the District Court may assume the correctness of the
21 Magistrate Judge's findings of fact and decide the motion on the applicable law. *Brilla v. Ervin*,
22 886 F.2d 1514, 1518 (9th Cir. 1989). Under such circumstances, the Ninth Circuit has held that "a
23 failure to file objections only relieves the trial court of its burden to give *de novo* review to factual
24 findings; conclusions of law must still be reviewed *de novo*." *Id.*, *citing Britt v. Simi Valley*
25 *Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

## DISCUSSION

27       In her Petition for Writ of Habeas Corpus, Petitioner asserts that her sentence to the middle
28 term of two years on count one must be vacated because *Blakely* requires imposition of the low

term where the defendant has presented evidence in mitigation. Petition at 6. Petitioner acknowledges that the middle term is the presumptively correct sentence when no facts in mitigation or aggravation are presented to the court. Petition at 6. Petitioner contends, however, that once mitigating facts are presented, *Blakely* requires a jury determination as to the truth or falsity of those facts, and the low term becomes the maximum sentence that may be imposed absent a jury trial. Petition at 6. As Petitioner presented facts in mitigation during sentencing, she argues that the California Court of Appeal erred in affirming her sentence to the middle term. Petition at 6.

As detailed in the Magistrate's Report and Recommendation, the California Court of Appeal correctly rejected Petitioner's *Blakely* argument. (Doc. # 10). The California Court of Appeal summarized Blakely as follows:

> *Blakely* applies the rule of *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490, which provides: "'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" The *Blakely* court defined the "'statutory maximum'" as "the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant."

Lodgment 7 at 2-3. The California Court of Appeal found that *Blakely* did not apply to Petitioner's case because Petitioner was sentenced to the middle term, which, as the Court concluded, is "the sentence selected by the Legislature as applicable to the particular offense based on the jury verdict alone." Lodgement 7 at 3-4. While the California Court of Appeal acknowledged a split on the issue of whether *Blakely* applied to a sentencing court's selection of the upper term instead of the middle term, the Court correctly concluded that *Blakely* is inapplicable to a case where the court selects the presumptively correct middle term. Lodgement 7 at 2-3. As noted by the Magistrate Judge, Petitioner has failed to show that adjudication of this claim by the state court on the merits was contrary to, or an unreasonable application of *Blakely*.

Three years after the California Superior Court sentenced Petitioner, the United States Supreme Court decided *Cunningham v. California*, 127 S. Ct. 856 (2007). In *Cunningham*, the Supreme Court held that California's determinate sentencing scheme was unconstitutional because

it allowed a trial court to impose an upper term sentence, rather than the presumptive middle term, if it found aggravating facts by a preponderance of the evidence. In so holding, the Court reiterated that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt." *Id.*, citing *Blakley*, 542 U.S. at 490. Though the Magistrate Judge did not have the benefit of *Cunningham*–in fact, *Cunningham* was decided after the Report and Recommendation issued–she correctly concluded that *Cunningham* would have no bearing in a case where, as here, the trial court sentenced Petitioner to the middle term under California's determinate sentencing scheme. Indeed, after *Cunningham* and "[i]n accord with *Blakely* . . . the middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum." *Cunningham*, 127 S. Ct. at 868. Accordingly, it was not unconstitutional for the trial court to impose that sentence. After reviewing *Cunningham*, this Court concludes that it lends no weight to Petitioner's argument that once the defendant presents facts in mitigation, the low term sentence is required.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation is adopted, except for that portion which cites to the California Supreme Court's opinion *People v. Black*, 35 Cal. 4th 1238 (2005) (Report and Recommendation at 8-11). Though it ultimately has no bearing on the Petition here, the decision in *Black* has been subsequently overruled by *Cunningham*.

The petition for habeas corpus (Doc. # 1) is DENIED. The Clerk of the Court shall enter judgment in favor of Respondent.

**IT IS SO ORDERED**.

DATED: March 26, 2007

**WILLIAM Q. HAYES**
United States District Judge